United States District Court
Eastern District of Michigan
Southern Division

United States of America,

    Plaintiff,

v.

Jacob Nathaniel LEN,

    Defendant.
_____/

Case No. 25-cr-20609

Hon. Susan K. DeClercq

# Plea Agreement

The United States of America and the defendant, Jacob Nathaniel LEN, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1. Count of Conviction

The defendant will waive his right to an indictment and plead guilty to Count 1 of the Superseding Information. Count 1 charges the defendant with assaulting, resisting or impeding certain officers and employees under 18 U.S.C. § 111(a)(1).

## 2. Statutory Minimum and Maximum Penalties

The defendant understands that the count to which he is pleading guilty carries the following minimum and maximum statutory penalties:

| Count 1 | Term of imprisonment: | Not more than 1 year |
|---|---|---|
| | Fine: | Up to $100,000 |
| | Term of supervised release: | Up to one year |

## 3. Agreement to Dismiss Remaining Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss the charges in the Indictment filed against the defendant in this case. (ECF No. 12). Specifically, the United States Attorney's Office will move to dismiss Count 1 of the Indictment, which charges the defendant with assaulting, resisting or impeding certain officers and employees, in violation of Title 18, United States Code, Section 111(a)(1) and (b).

4. **Elements of the Count of Conviction**

The elements of Count 1 are:

(1) The defendant did intentionally and forcibly assault, resist, oppose, impede, intimidate, or interfere;

(2) With a person or persons designated in 18 U.S.C. § 1114, that is, any officer or employee of the United States or of any agency in any branch of the United States government (including members of the uniformed services) or any person assisting such an officer or employee;

(3) While that person or persons were engaged in, or on account of, the performance of official duties.

5. **Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

On or about July 7, 2025, in the Eastern District of Michigan, four uniformed United States Border Patrol Agents, in two marked Border Patrol service vehicles, were transporting fifteen immigrant detainees

to a correctional facility in Baldwin, Michigan. While the Border Patrol Agents were traveling on westbound Interstate 96, near the Kensington Road exit, a black BMW sedan, driven by Jacob Nathniel LEN, approached one of the marked Border Patrol vehicles from the left passing lane and raised his hand to stick up his middle finger at the agents. Immediately after clearing the front bumper of the lead Border Patrol transport van, LEN abruptly cut in front of the transport van, without signaling, and rapidly decreased in speed, forcing the driver of the transport van to quickly and firmly apply the brakes to avoid a collision. The driver of the trailing Border Patrol vehicle was also forced to quickly apply the brakes to avoid a collision with the Border Patrol transport van. LEN then stuck his hand out of the sunroof of his vehicle and extended his middle finger at the Border Patrol agents driving the transport van.

Shortly thereafter, LEN repeated the sudden braking maneuver again by cutting in front of the Border Patrol transport van from the left passing lane without signaling and aggressively applying his brakes, forcing the Border Patrol Agents in both vehicles to quickly brake to avoid another collision.

The four United States Border Patrol Agents are persons designated under Title 18, United States Code, Section 1114, and were engaged in the performance of official duties at the time that LEN forcibly resisted, opposed, impeded, intimidated, and interfered in the performance of their official duties by brake checking their vehicles with his BMW sedan.

**6. Advice of Rights**

The defendant has read the Superseding Information, has discussed the charges and possible defenses with his attorney, and understands the crime charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

    A.    The right to plead not guilty and to persist in that plea;

    B.    The right to a speedy and public trial by jury;

    C.    The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

    D.    The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E. The right to confront and cross-examine adverse witnesses at trial;

F. The right to testify or not to testify at trial, whichever the defendant chooses;

G. If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H. The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I. The right to compel the attendance of witnesses at trial.

## 7. Collateral Consequences of Conviction

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to

vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

## 8. Defendant's Guideline Range

### A. Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B. Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If,

however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C. Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provision(s) apply to the defendant's guideline calculation on Count 1 of the Superseding Information:

- USSG § 2A2.4(a) – Base Offense Level: 10.

### D. Factual Stipulations for Sentencing Purposes

The parties have no additional factual stipulations for sentencing purposes.

### E. Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F. Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 9. Imposition of Sentence

### A. Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B. Imprisonment

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that the Court shall not impose a term of incarceration, intermittent confinement, community confinement, home detention, or a combination thereof and, instead, the parties agree that the Court shall impose a six-month term of probation. The parties also agree that the Court shall impose the mandatory and standard conditions of probation under USSG §§ 5B1.3(a) and (c), with two additional special conditions:

(1) that the defendant participate in a mental health program approved by the United States Probation Office, *see* USSG § 5B1.2(d)(5); and

(2) that the defendant complete 40 hours of community service at a community organization that supports victims of crime (and as approved by the United States Probation Office), *see* USSG § 5B1.3(e)(3).

## 2. Limited Right to Withdraw

If the Court rejects the agreement by deciding to impose a sentence of probation higher than permitted by paragraph 9.B.1, the defendant will be permitted to withdraw his guilty plea. That is the only reason the defendant may withdraw his guilty plea. If the defendant decides not to withdraw his guilty plea in those circumstances, the defendant agrees that the Court may impose a sentence higher than permitted by paragraph 9.B.1 and that all other provisions in this agreement will remain in effect.

If the Court rejects the plea agreement by deciding to impose a sentence of probation lower than permitted by paragraph 9.B.1, or by rejecting or purporting to reject any other term or terms of this

agreement, the government will be permitted to withdraw from this agreement.

## C. Fines

The parties have agreed that the defendant will pay a fine of $5,000, due immediately, in full, upon sentencing.

## D. Restitution

The Court must order restitution to every identifiable victim of the defendant's offense. There is no recommendation or agreement on restitution. The Court will determine at sentencing who the victims are and the amounts of restitution they are owed.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

### E. Special Assessment

The defendant understands that he will be required to pay a special assessment of $25, due immediately upon sentencing.

### 10. Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any ground. The defendant also waives any right he may have to appeal his sentence on any ground, unless he is sentenced to a term of imprisonment exceeding the top of the guideline range as determined by the Court (or any applicable mandatory minimum, whichever is greater).

## 11. Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

## 12. Remedies for Withdrawal, Breach, Rejection, or Vacatur

If the defendant is allowed to withdraw his guilty plea, or breaches this agreement, or if the Court rejects this agreement, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges

against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the defendant has been permitted to plead guilty to a lesser-included offense, the government may also reinstate any charges or file any additional charges against the defendant for the greater offense, and the defendant waives his double-jeopardy rights with respect to the greater offense. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

### 13. Use of Withdrawn Guilty Plea

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

### 14. Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

### 15. Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 16. Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by **5:00PM** on **December 5, 2025**. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Jerome F. Gorgon, Jr.
United States Attorney

_____
Douglas C. Salzenstein
Chief, Homeland Security Unit
Assistant United States Attorney

Dated: November 24, 2025


By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions

answered by his attorney, and is satisfied with his attorney's advice and representation.

_____
Erin Lane
Attorney for Defendant

_____
Jacob Nathaniel Len
Defendant

Dated:                                                    11/28/25